IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSEPH RUBEN CLENDENING                                                                 PLAINTIFF

v.                                    Civil No. 3:21-cv-03083

SHERIFF TIM ROBERSON,
Boone County, Arkansas;
JAIL ADMINISTRATOR JASON DAY;
TESSA FOSTER;
JAILER GAVEN BRAYANT;
OFFICER DAVID EVERHEART;
OFFICER BOB CIACHER; and
SERGEANT HARP                                                                           DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff, Joseph Ruben Clendening, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff is incarcerated in the Boone County Detention Center ("BCDC").  He maintains his constitutional rights are being violated in several ways.   Specifically, Plaintiff states he is being: (1) subjected to unconstitutional conditions of confinement; (2) punished without due process; (3) retaliated against due to the exercise of his First Amendment rights; and (4) subjected to threats, taunts, and verbal abuse by staff members.   Plaintiff also alleges that Jailer Brayant failed to intervene when a sergeant was sexually assaulting him.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

1

I. BACKGROUND

According to the allegations of the Amended Complaint, Plaintiff is incarcerated at the BCDC pending trial. (ECF No. 6 at 2). Plaintiff says he is being held in a pod maintained at a much colder temperature than any of the other pods. *Id.* at 4. In fact, Plaintiff says it is freezing cold in the pod and that the jailers watch the inmates "freez[e] to death." *Id.* at 5. Plaintiff believes the cold temperature is being used to punish the inmates. Plaintiff equates his treatment to that of a caged animal rather than a human being. *Id.* He also believes he has been retaliated against for the exercise of his constitutional rights. *Id.* at 5. Plaintiff indicates he files numerous grievances, receives no responses, and continues to be mistreated. *Id.* at 5, 8.

According to Plaintiff, Sergeant Harp has threated to "snap" Plaintiff's neck and "kill" him. (ECF No. 6 at 4, 8). Sergeant Harp allegedly remarked that he did not care if he lost his job over it. *Id.*

Plaintiff says he was sexually assaulted by a sergeant in a shower with a broom. (ECF No. 6 at 4, 6, 9). Plaintiff further alleges that Jailer Brayant,[1] lost his job because of it. *Id.* at 4. Plaintiff makes no other allegations about this assault and does not identify the sergeant involved in the assault. Additionally, Plaintiff indicates he has been punched in the face by an unnamed officer. *Id.* at 6.

Plaintiff alleges that for two years Officer Everheart has been provoking fights with him by saying things like: "If you're big enough, take a swing." (ECF No. 6 at 6). Plaintiff says Jail Administrator Day allows his officers to pick fights with inmates, harass them, assault them, and put them in fear for their lives. *Id.* at 6-8. Plaintiff maintains he has been beaten and has also

---

[1] Plaintiff's handwriting is difficult to decipher. It appears that he also refers to this officer as Jailer Byastand. (ECF No. 6 at 4).

been cursed and yelled at every day. *Id.*

As relief, Plaintiff seeks release from the BCDC or transfer to another detention center. (ECF No. 6 at 9). He also asks for punitive damages.

## II.     APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    DISCUSSION

To state a claim under § 1983, Plaintiff must show "that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived [him] of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020).

**1. Sheriff Roberson**

The Amended Complaint contains no allegations about Sheriff Roberson other than the assertion that it is his jail and "they" keep the jail cold. (ECF No. 6 at 4). There is no allegation

that Sheriff Roberson was personally involved in any way in the alleged constitutional violations or had any knowledge regarding the violations.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Dep't. of Soc. Srvs.*, 436 U.S. 654, 694 (1978). In short, "a supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Supervisors can "incur liability ... for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference or tacit authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). "[T]hat harm occurred under [Sheriff Roberson's] watch is not the touchstone [of liability] under § 1983." *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018).

Plaintiff has alleged no personal involvement on the part of Sheriff Roberson. No plausible claims have been stated against him.

### 2. Tessa Foster and Bob Ciacher

Other than naming Tessa Foster and Bob Ciacher as Defendants, Plaintiff has not described any actions taken by them or even mentioned their names elsewhere in the Amended Complaint. Liability under § 1983 requires personal involvement in the constitutional violations. *Ashcroft v. Iqbal*, 566 U.S. 662, 676 (2009) (a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). In other words, "[g]overment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (cleaned up). No plausible claims are stated against Tessa Foster and Bob Ciacher.

4

### 3. Unconstitutional Conditions of Confinement

Conditions of confinement claims brought by pretrial detainees are analyzed under the Fourteenth Amendment. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees may not be punished. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). In this context, punishment means conditions that are "not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (cleaned up). "In considering whether the conditions of pretrial detention are unconstitutionally punitive, we review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

Pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (cleaned up). Conditions of confinement include the temperature a detainee is subjected to in his cell and reasonable safety. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

The Court believes a plausible claim has been stated against Jail Administrator Day. In addition to his complaints about the temperature, Plaintiff maintains that Jail Administrator Day did nothing even though Plaintiff was being threatened by Sergeant Harp; Officer Everheart was provoking fights; and detainees were being harassed and mistreated. A plausible claim has been stated against Jail Administrator Day.

Plaintiff also identifies Officer David Everheart as being involved in this claim. (ECF No. 6 at 4). However, Plaintiff does not indicate Officer Everheart was personally involved in having

5

Plaintiff moved to the "cold" pod, was responsible for redress of grievances about the conditions in the pod or had any authority to take corrective action. No plausible claim has been stated against Officer Everheart.

### 4. Due Process

Pretrial detainees are presumed innocent and cannot be punished for the crime for which they have been charged. *Bell*, 441 U.S. at 535-37. "[T]he effective management of the detention facility once the individual is confined is a valid objective that may justify the imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id.* at 540. Conditions or restrictions that are "reasonably related to a legitimate governmental objective" such as institutional order and security do not amount to punishment. *Id.* at 539-40; *see also Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) ("We do not quarrel with the prison's need to segregate individual inmates from the general prison population for non- punitive reasons; for example ... where there is a threat to the safety and security of the institution"). If the conditions or restrictions are deemed punishment, the pretrial detainee is entitled to due process. When a detainee "is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand." *Id.*

Here, Plaintiff alleges that he was placed in a freezing cold pod. (ECF No. 6 at 5). He also alleges he was told by a nurse that the inmates in that pod were being punished. *Id.* These conclusory allegations are unsupported by any factual detail and are insufficient to state a plausible due process claim.

**5. Retaliation**

"The filing of a prison grievance . . . is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). Filing a civil rights lawsuit is also an activity protected by the First Amendment. *Tyler v. Univ. of Arkansas Bd. of Trs.*, 628 F.3d 980, 986 (8th Cir. 2011). "[A]ctions taken in retaliation for an inmate's [exercise of his First Amendment rights] are actionable under 42 U.S.C. § 1983." *Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (otherwise proper acts are actionable under § 1983 if taken in retaliation for exercise of a constitutionally protected act).

To establish a retaliation claim, Plaintiff must prove "(1) he engaged in a protected activity, (2) [one or more of the Defendants] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013) (cleaned up). "This is an objective test: [t]he question is not whether the plaintiff [him]self was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done." *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014).

Plaintiff contends he filed multiple grievances, but that Jail Administrator Day never responded to the grievances. (ECF No. 6 at 8). He does not allege that Jail Administrator Day was involved in assigning him to the "cold" pod, otherwise segregated him, or took any adverse action against him. "The denial of grievances is not an adverse action for retaliation purposes." *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020).

Plaintiff also makes a general allegation that he was locked down for exercising his First Amendment rights. (ECF No. 6 at 5). He does not state who locked him down or provide any

7

factual detail such as the date or time he was locked down. No plausible retaliation claims have been stated.

### 6. Threats and Verbal Abuse

In general, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, insults, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *see also Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (abusive language or verbal harassment is not, by itself, unconstitutional and will not support a civil rights cause of action). A narrow exception to this general rule is recognized when a verbal threat rises to the level of a "wanton act of cruelty which . . . was brutal despite the fact that it resulted in no measurable physical injury to the prisoners." *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (guard, using a racial epitaph, pointed a cocked weapon at a black prisoner and told him to run so he could blow the prisoner's brains out). The Eighth Circuit held that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Id.*

The Court does not believe Plaintiff's allegations rise to the threshold necessary to invoke this narrow exception. While it is true Plaintiff alleges Sergeant Harp threatened to snap his neck, there is no allegation that Sergeant Harp made any physical move to do so or appeared ready to carry out his threat. In other words, the Court does not believe Plaintiff's allegations are sufficiently severe to suggest he was terrorized or put him in fear of "instant and unexpected death." *See e.g., Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (officer's use of

racial slur and threat to knock prisoner's teeth out was not actionable). Plaintiff's allegations with respect to the remaining Defendants are even less severe. While the verbal abuse, harassment, and threatening behavior described by the Plaintiff is clearly inappropriate and should be condemned by BCDC command staff, no plausible constitutional claim is stated.

### 7. Failure to Intervene

A duty to intervene may be premised on a detention officer's failure to intervene or protect inmates from physical or sexual assault by other inmates or corrections staff. *Krout v. Goemmer*, 583 F.3d 556, 565 (8th Cir. 2009) (excessive force case). Specifically, an "officer may be held liable if he does not intervene to prevent [a sexual assault] when (1) the officer observed or had reason to know that [a sexual assault] would [occur] or was [was occurring], and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Robinson v. Payton*, 791 F.3d 824, 829 (8th Cir. 2015).

As Plaintiff has not identified Jailer Brayant as the person who sexually assaulted him, the Court is treating this claim as a failure to intervene claim. While Plaintiff has alleged that Jailer Brayant lost his job as a result of the incident, he has not alleged that Jailer Brayant was present during the assault, or knew that it was likely to occur, or had an opportunity to prevent the assault from happening. Plaintiff does not indicate why Jailer Brayant lost his job. No plausible failure to intervene claim has been stated.

### IV. CONCLUSION

For the reasons stated above, I recommend the following:

(1) All claims against Sheriff Roberson, Tessa Foster, Bob Ciacher, Officer Everheart, Jailer Brayant, and Sergeant Harp be **DISMISSED WITHOUT PREJUDICE**;

(2) The due process claims be **DISMISSED WITHOUT PREJUDICE**;

(3) The retaliation claims be **DISMISSED WITHOUT PREJUDICE**;

(4) The verbal abuse, threats, and taunting claims be **DISMISSED WITHOUT PREJUDICE**;

(5) The failure to intervene claim be **DISMISSED WITHOUT PREJUDICE;** and,

(6) The unconstitutional conditions of confinement claim be allowed to **PROCEED** against Jail Administrator Day.

By separate order, the Amended Complaint will be served on Jail Administrator Day.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 14th day of January 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE